# Volkenand, Appellant, *v.* Drum.

*Evidence—Parol evidence—Judgment note—Sale.*

In an action to determine the validity of a judgment note given as part payment for a bottling establishment, defendant may prove by parol evidence that the number of bottles in the hands of customers was much less than the number represented to him by plaintiff, the number of such bottles not being stated in the bill of sale.

Argued April 12, 1893.   Appeal, No. 116, Jan. T., 1893, by plaintiff, A. F. Volkenand, from judgment of C. P. Luzerne Co., Oct. T., 1887, No. 576, on verdict for defendant, Milton Drum.   Before STERRETT, C. J., GREEN, WILLIAMS, McCOL-LUM and THOMPSON, JJ.

Issue to determine validity of judgment note.

At the trial, before RICE, P. J., it appeared that the note in question was given as part of the consideration in a sale of a bottling establishment.

Defendant's counsel proposed to prove that defendant had been defrauded and deceived by plaintiff, that, at and prior to the time the contract in evidence was signed and executed, plaintiff represented to defendant that he had in connection with his bottling business the number of 900 boxes filled with bottles; that, after the contract had been signed, defendant noticed that the number was not stated in the contract and called attention of plaintiff to that fact.   Plaintiff thereupon remarked that was a matter of no consequence, because he had that number and probably a greater number of boxes and bottles, and that whatever number of bottles and boxes exceeded 900 would belong to defendant purchaser; that these boxes and bottles represented by the plaintiff as his property were distributed among his customers and not on the premises at the time of sale.

Objection : The evidence offered is incompetent, its effect being to vary, alter and amend a written agreement which shows the real and actual contract between the parties.   Objection overruled, exception. [1]

Jacob Shoemaker, a witness for the defendant, was asked :

"Q. Did you have any conversation in regard to this matter, and if so where did it take place and what was it? A. I was along with Mr. Drum in Mr. Volkenand's house down in the place where they bottled, in the bottling establishment, and Mr. Drum mentioned his stock what he had."

Plaintiff's counsel object to any conversation with the witness in reference to the note here, for the reason that the contract under which the note was given is under seal and that the conversation about to be related is too remote from the date of that contract, there being no evidence at present of any accident, mistake or fraud in the procurement of the contract.

By the Court: It seems to us that if any of the conversations which took place before the contract was actually signed are admissible in evidence this conversation would be evidence upon the same theory and upon the same principle, because it is a part of the negotiation which led to the time of the sale; and it would seem further that this testimony would be admissible, not for the purpose of contradicting or impeaching the contract, but for the purpose of applying the contract to its subject-matter—to show what was the subject-matter of the sale; it is upon that theory that we made our ruling heretofore, and we now admit this testimony as a part of the negotiation, if it amounts to that, if it does not of course we will strike it out; exception. [2]

The court charged in part as follows:

["It is contended here that all of this testimony that has been introduced in evidence here tends to overthrow the written instrument and impeach it. If that were the purpose of it we do not believe it would be admissible because, as we have suggested, there was no fraud practiced at the execution of the instrument. But the testimony goes not to impeaching the instrument, not to contradicting it nor to vary it, but, if believed, to describe and define the subject-matter of the instrument. . . . The plaintiff's counsel contends that because the written contract does not specify the number of boxes and bottles sold, therefore it is incompetent to show by oral testimony what was said between the parties on that subject. . . . But that fact in our judgment is not a conclusive fact and therefore we have admitted the testimony as to what was said between the parties concerning the number of boxes and bottles connected with the business."] [3]

Plaintiff's points were as follows:

" 1. There being no evidence of any false statement or fraudulent representations made by plaintiff to defendant to induce him to execute the note in suit at the time of its execution, the verdict should be for the plaintiff." Refused. [4]

" 2. There having been no evidence of a character sufficient as a matter of law to induce the court sitting as a chancellor to reform a written instrument, the verdict should be for plaintiff." Refused. [5]

" 3. Taking all the evidence in the case, no clear, precise and indubitable fraud, to affect the consideration of the note in suit, has been shown, and the verdict should be for the plaintiff." Refused. [6]

" 4. The allegation of the defendant as to the alleged fraudulent representations of plaintiff having been absolutely contradicted by plaintiff's witnesses, the suit must be determined by the note itself and plaintiff is entitled to a verdict." Refused. [7]

" 5. The defendant by lying by and failing to rescind immediately upon the discovery of the alleged fraud or within a reasonable time thereafter, and furthermore having paid two other notes based upon the same consideration and written agreement, has estopped himself from setting up the alleged fraud as a defence in this action." Refused. [8]

" 6. This being an issue to ascertain the amount due upon an open judgment, no unliquidated damages alleged to have been suffered by defendant from the breach of contract of March 22, 1886, can be included." Refused. [9]

" 7. Under all the evidence in the case the verdict must be for plaintiff." Refused. [10]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1, 2) rulings on evidence; (3–10) instructions; quoting instructions, bills of exceptions and evidence, as above.

*George H. Troutman, E. A. Lynch* with him, for appellant, cited: Book v. Nail Co., 151 Pa. 499; Baer's Ap., 127 Pa. 360; Jones v. Gas Co., 146 Pa. 204; Shafer v. Senseman, 125 Pa. 310; Spencer v. Colt, 89 Pa. 314; Thorne v. Warfflein, 100 Pa. 519; Martin v. Berens, 67 Pa. 459; Pearsoll v. Chapin,

44 Pa. 14; Negley v. Lindsay, 67 Pa. 228; Andriessen's Ap., 123 Pa. 328.

*John McGahren, A. R. Brundage* with him, for appellee, cited: Walker v. France, 112 Pa. 203; Cullmans v. Lindsay, 114 Pa. 166; Juniata B. & L. Assn. v. Hetzel, 103 Pa. 507; Greenawalt v. Kohn, 85 Pa. 369; Barclay v. Wainright, 86 Pa. 191; Miller v. Henderson, 10 S. & R. 290; Fessler v. Love, 43 Pa. 314; Pearsoll v. Chapin, 44 Pa. 14; Negley v. Lindsay, 67 Pa. 228; Lloyd's Ap., 95 Pa. 518.

OPINION BY MR. CHIEF JUSTICE STERRETT, May 8, 1893:

. On the trial of this issue, directed by the court to determine how much was due on the note, upon which the judgment opened, etc., was entered, the defendant was permitted to introduce testimony to sustain the offer recited in the first specification of error. The objection to the offer was, " that the evidence was incompetent, its effect being to vary, alter and amend the written agreement which shows the actual contract between the parties." This objection was not well taken, and hence there was no error in overruling it and receiving the testimony.

The consideration of the note was part of the sum which defendant agreed to pay plaintiff for a certain bottling business, and the appurtenances, sold by him to defendant. As expressed in the written agreement, said sale was of " all his, A. F. Volkenand's bottling business located in a certain frame building situated on West Green street, between Vine and Locust, in Hazleton borough, consisting of three wagons, two horses, one set of double harness, bottles, boxes, and in fact everything in and about the premises pertaining to the bottling business hereby sold." The agreement, as will be observed, does not specify the number of " bottles " and " boxes; " and, inasmuch as many of these were then, necessarily, in the course of the business, in the possession of plaintiff's customers, defendant was obliged to rely on plaintiff's representations as to the number of each then out, temporarily, in the hands of his customers. The testimony complained of was offered for the purpose of showing that plaintiff deceitfully and fraudulently misrepresented to defendant, " that he had in connection with his

bottling business nine hundred boxes filled with bottles;" that these boxes and bottles were distributed among his customers, etc. The evidence introduced came fully up to the terms of the offer, and appears to have satisfied the jury that the alleged fraudulent misrepresentation was successfully practiced, and consequently there was a failure of consideration at least equal to the amount of the note in controversy. The verdict in favor of the defendant in the issue necessarily implies a finding of these facts.

There was no error in admitting the evidence referred to in the second specification. It is of the same character as that already referred to in connection with the offer covered by the first specification. If the learned judge's action in admitting the evidence complained of needed any vindication, it will be found in what he said in disposing of plaintiff's objection.

The subject of complaint in the third specification is an excerpt from the charge of the court.

In that portion of his charge, the learned president of the common pleas clearly and accurately explained to the jury, that the purpose of defendant's evidence was not to impeach and overthrow the written agreement; and, in that connection, he said: "The plaintiff's counsel contends that because the written contract does not specify the number of boxes and bottles sold, therefore it is incompetent to show by oral testimony what was said between the parties on that subject. . . . But that fact, in our judgment, is not a conclusive fact, and therefore we have admitted the testimony as to what was said between the parties concerning the number of boxes and bottles connected with the business."

There is not the slightest semblance of error in that or any other part of the charge. As established by the verdict, based upon competent evidence, the troublesome and controlling fact, with which plaintiff had to contend, was that in effecting the sale and obtaining defendant's notes for the price agreed upon, he practiced a fraud, by deceitfully misrepresenting the number of boxes and bottles connected with his bottling business, the consequences of which fraud, measured in dollars and cents, the defendant had a right to defalk against his outstanding obligation.

The plaintiff's seven points for charge, recited in the last

seven specifications, were each negatived. Without breaking bulk and undertaking to vindicate the action of the court in refusing to affirm those points, respectively, it is sufficient to say they were each and all rightly answered in the negative. In refusing the seventh point, the learned judge correctly and appropriately said to the jury : " You will observe that these points all ask us to practically take the case from the jury and decide as a question of law. We negative them because we think there are questions of fact to be decided by the jury, and these questions we submit to you under the general instructions contained in our charge."

The case was ably and correctly tried, and there is nothing, in any of the rulings of the court, of which the plaintiff can justly complain.

Judgment affirmed.